IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:26-cv-00040-MR-WCM

| | | |
|---|---|---|
| JAMES DAVID NANNEY, | ) | |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK N.A., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for case management purposes as well as on Defendant's Motion to Dismiss (Doc. 4), which has been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

## I. Background

On January 9, 2026, James David Nanney ("Plaintiff"), who is proceeding *pro se*, filed a complaint in the Superior Court of Henderson County, North Carolina against Wells Fargo Bank N.A. ("Defendant"). Doc. 1-1. Plaintiff alleges as follows:

> The plaintiff open [sic] a checking account in 2014 at Wells Fargo Bank, Wells Fargo Bank closed the plaintiff [sic] account. In a scam to commit fraud G.S. 14-100 so the Defendant could use the North Carolina unclaim [sic] proptery [sic] to extort the plaintiff [sic] money and system of F.D.I.C. insurance and to slander the plaintiff's name. In voilation [sic] of extortion G.S. 14-455 and in voilation [sic] of slander G.S. 14-47. The plaintiff was sent to prison in 2014 and now has tried

1

to claimed [sic] his account money from North Carolina unclaimed properly. No one has sent anything from the unclaim [sic] property of North Carolina. The plaintiff is claim [sic] for releif [sic] of $3 Billion Dollars of this action. The plaintiff is also his own attorney in this action.

Doc. 1-1 at 4-5.

On February 6, 2026, Defendant removed this matter, contending that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different States and because the amount in controversy exceeds $75,000. Doc. 1. The same day, Defendant filed the Motion to Dismiss. Doc. 4.

On February 20, 2026, the undersigned directed Defendant to file, on or before March 13, 2026, a brief describing in further detail its contention as to why the Court has subject matter jurisdiction over this matter. Any response by Plaintiff was to be filed no later than 14 days after Defendant's filing was made, and any reply by Defendant was to be filed no later than 7 days following Plaintiff's response. Doc. 8. The Court also extended Plaintiff's deadline to respond to the Motion to Dismiss to and including March 13, 2026. Doc. 9.

Defendant filed a memorandum regarding subject matter jurisdiction on March 9, 2026. Doc. 10

Plaintiff has not responded to either the Motion to Dismiss or Defendant's subject matter jurisdiction brief, and the time for doing so has passed.

2

## II. Discussion

Because Defendant removed this matter, it bears the burden of establishing that federal jurisdiction exists. See Mulcahey Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal."); Bradley v. Veterinary Orthopedic Sports Med. Grp., No. CV DKC 19-2662, 2020 WL 5526559, at *1 (D. Md. Sept. 15, 2020) ("When a defendant removes an action from state court, the defendant bears the burden of proving the existence of subject matter jurisdiction, including in this case the amount in controversy for diversity jurisdiction."); Atkinson v. JPMorgan Chase Bank, N.A., No. 5:25-CV-00443-M-RN, 2025 WL 3491134, at *2 (E.D.N.C. Oct. 21, 2025), report and recommendation adopted, No. 5:25-CV-00443-M-RN, 2025 WL 3490540 (E.D.N.C. Dec. 4, 2025) ("the defendant who removed the case bears the burden of showing that the amount in controversy exceeds $75,000.").

The question here is whether Defendant has carried that burden.

Plaintiff has alleged that he is entitled to recover damages in an amount that far exceeds the jurisdictional threshold, and Defendant relies upon Plaintiff's representation in arguing that removal was proper. Generally, this would be acceptable because "[i]n most cases, the 'sum claimed by the plaintiff controls' the amount in controversy determination." JTH Tax, Inc. v. Frashier,

624 F.3d 635, 638 (4th Cir. 2010) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)).

However, "where the court determines to a legal certainty that the plaintiff cannot recover the amount it seeks or seeks an amount that the plaintiff is not entitled to for the purpose of establishing jurisdiction," dismissal for lack of jurisdiction is proper. Ministry of Defence of State of Kuwait v. Naffa, 105 F.4th 154, 159 (4th Cir. 2024). That is, "a district court must exercise jurisdiction unless 'the legal impossibility of recovery' virtually negates the plaintiff's good faith in asserting the claim." Id. (quoting JTH Tax, Inc., 624 F.3d at 638 (internal quotation omitted); see also Ballenger v. Hartford Life Ins. Co., No. CV 6:08-2354-HMH, 2008 WL 11349762, at *2 (D.S.C. Aug. 8, 2008) ("This is not to say that a litigant can establish federal jurisdiction by asserting an amount in controversy that is frivolous or unsupported by the evidence.").

And in this case, while contending that Plaintiff's claims are sufficient to support subject matter jurisdiction, Defendant also asserts that Plaintiff's "Complaint is frivolous." Doc. 10 at 1. In other words, Defendant contends that Plaintiff's recovery of any amount of damages is legally impossible.[1]

---

[1] In its subject matter jurisdiction memorandum, Defendant states: "Plaintiff seeks to recover $3 billion from Wells Fargo in a frivolous lawsuit. Candidly, Wells Fargo removed this case to federal court and moved to dismiss it because doing so is often cheaper than having a hearing in state court." Id.

4

Plaintiff has not challenged this position or provided any information that would support a finding that Plaintiff is, in good faith, seeking an amount sufficient to support the exercise of this Court's jurisdiction (let alone $3 billion dollars).

Accordingly, the undersigned is not persuaded that Defendant has met its burden of establishing that jurisdiction exists. See McIntyre v. Westwood Townhomes, LLC, No. 7:25-CV-7189-DCC-WSB, 2025 WL 3906494, at *11 (D.S.C. Aug. 6, 2025) ("While 'the measure of the amount in controversy is derived from the complainant's demand for relief,' a litigant cannot 'establish federal jurisdiction by asserting an amount in controversy that is frivolous or unsupported by the evidence.'") (quoting Ballenger, 2008 WL 11349762, at *2; Silva v. Walt Disney World, No. 1:21CV912, 2022 WL 4585811, at *2 (M.D.N.C. Sept. 29, 2022) (concluding that the plaintiff's complaint failed to meet Section 1332's monetary threshold where the plaintiff sought a total of $2,750,100.00 in damages after he was burned by 3 or 4 hot droplets of water and explaining that "the sums proposed qualify as 'both fanciful and delusional, and [the Complaint] cannot support a finding that this case involves [more than] $75,000 in controversy'") (internal citations omitted), report and recommendation adopted, No. 1:21-CV-912, 2023 WL 3661349 (M.D.N.C. May 25, 2023).

## III. Recommendation

For the reasons set forth above, the undersigned **RESPECTFULLY RECOMMENDS** that this matter be **REMANDED** to the Superior Court of Henderson County, North Carolina, with the pending Motion to Dismiss being reserved for further action by the state court as it may deem appropriate.

Signed: April 17, 2026

W. Carleton Metcalf
United States Magistrate Judge

<u>Time for Objections</u>

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).